```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                     HOT SPRINGS DIVISION


JON DAVID COLE                                       PLAINTIFF


     v.                 Case No. 08-6108

STEVE PINTER, RECONTRUST COMPANY,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS INC., AND NEW CENTURY
MORTGAGE CORPORATION                                DEFENDANTS

P.I.G. HOLDINGS FAMILY LIMITED
PARTNERSHIP                                         INTERVENOR
```

### O R D E R

Before the Court is a *sua sponte* inquiry into subject matter jurisdiction. If the Court determines it lacks subject matter jurisdiction in a removed case, it must remand the case. 28 U.S.C. § 1447(c). Plaintiff Jon David Cole seeks relief on the basis that a foreclosure sale did not comply with state law, and he seeks remedies available under state law. Defendant Recontrust Company removed the action to federal court claiming that federal law completely pre-empted the state law under which Cole sought relief.

Federal pre-emption is generally considered a defense that does not appear on the face of a well-pleaded complaint and does not authorize removal. *Metropolitan Life Ins. v. Taylor*, 481 U.S. 58, 63 (1987). However, when there is complete pre-emption, federal question jurisdiction applies. *Beneficial Nat. Bank v.*

*Anderson*, 539 U.S. 1, 8 (2003). Currently, only four statutes have been recognized as containing provisions that completely pre-empt state law. Those provisions are in the Price-Anderson Act, 42 U.S.C. § 2014(hh); § 301 of the Labor Management Relations Act, 29 U.S.C. § 185; the Employees Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*; and the National Bank Act, 12 U.S.C. §§ 85-86. 13D Charles Alan Wright et al., Federal Practice and Procedure § 1355 (3d ed. 2008). As Recontrust's removal was based on the Home Owner's Loan Act, 12 U.S.C. § 1461 *et seq.*, removal is not valid under the four currently recognized exceptions to the well-pleaded complaint rule.

The parties have fourteen (14) days, until April 9, 2009, to show cause as to why this Court has jurisdiction and should not remand to the Circuit Court of Garland County, Arkansas.

IT IS SO ORDERED this 26th day of March, 2009.

/S/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge

AO72A
(Rev. 8/82)