IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


JON DAVID COLE                                          PLAINTIFF


     v.               Case No. 08-6108


STEVE PINTER, RECONTRUST COMPANY,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS INC., AND NEW CENTURY
MORTGAGE CORPORATION                                   DEFENDANTS

P.I.G. HOLDINGS FAMILY LIMITED
PARTNERSHIP                                            INTERVENOR

<u>**MEMORANDUM OPINION & ORDER**</u>

     Before the Court is the *sua sponte* inquiry into subject matter jurisdiction initiated on March 26, 2009 in a show-cause order issued by the Court (Doc. 62). Separate Defendant Recontrust Company filed the only response (Doc. 65).

**A. Background**

     This case concerns a series of disputes over property in the Chappell Hill Subdivision in Garland County, Arkansas. Since the Court's inquiry into subject matter jurisdiction is based on the pleadings, the Court accepts all facts in the Complaint as true for the purposes of subject matter jurisdiction. *See Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 520-21 (8th Cir. 2007).

     In 2007, Plaintiff Jon David Cole applied for a loan from

1

Defendant New Century Mortgage Corporation, pledging at least a portion of the property that is the subject of this litigation as collateral. Cole alleges that a mutual mistake resulted in the mortgage property description reflecting more property than the parties intended. Following Cole's alleged default, New Century pursued a non-judicial foreclosure sale at public auction.

Cole contests the legality of the sale under Arkansas law governing non-judicial foreclosures. Defendant Recontrust Company removed the action to federal court based on federal question jurisdiction, 28 U.S.C. § 1331. Recontrust's jurisdictional theory is that federal law completely preempts the state law under which Cole sought relief. After reviewing the case, the Court initiated its *sua sponte* inquiry into subject matter jurisdiction.

**B. Discussion**

If the Court determines it lacks subject matter jurisdiction in a removed case, it must remand the case. 28 U.S.C. § 1447(c). District courts must resolve all doubts about federal jurisdiction in favor of remand. *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007).

Preemption is generally considered a defense that does not appear on the face of a well-pleaded complaint and does not authorize removal. *Metropolitan Life Ins. v. Taylor*, 481 U.S.

2

58, 63 (1987). However, when there is complete pre-emption, federal question jurisdiction applies. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003). Complete preemption is a narrow exception to the general rule that requires extraordinary preemptive force. *Krispin v. May Dept. Stores Co.*, 218 F.3d 919, 922 (8th Cir. 2000).

When federal law completely preempts state law, federal law substitutes a state cause of action with a federal cause of action, and does not merely block or override state law. Complete pre-emption converts a state claim into a federal claim. *Metropolitan Life Ins.*, 481 U.S. at 65. The Eighth Circuit has not specifically addressed identification of complete preemption, but two other circuits have. The Third Circuit determines the existence of complete preemption using a two pronged approach. First, the federal statute must contain a civil enforcement provision that is usable in the present case. *Ry. Labor Executives Assn'n v. Pittsburgh & Lake Erie Ry. Co.*, 858 F.2d 936, 942 (3rd Cir. 1988). Second, there must be Congressional intent to allow removal despite the plaintiff's exclusive reliance on state law. *Id.* The Fifth Circuit uses a similar approach, but adds a third requirement that the statute contain a specific jurisdictional grant. *See Aaron v. Nat. Union Fire Ins. Co. of Pittsburg, Pa.*, 876 F.2d 1157, 1166 (5th Cir. 1989).

AO72A
(Rev. 8/82)

In this case, Recontrust contends that the Home Owner's Loan Act ("HOLA"), 12 U.S.C. §§ 1461-1470, completely preempts the Arkansas statute relating to non-judicial foreclosures. Regardless of the test the Court applies, HOLA satisfies none of the requirements for complete preemption. First, HOLA contains no private right of action, and only provides for governmental enforcement. Second, there is no manifestation of Congressional intent to allow removal. Finally, no provision of HOLA or the regulations promulgated thereunder specifically addresses the mechanics of foreclosure.

Although HOLA may have ordinary preemptive effects on state law causes of action, it does not substitute a federal cause of action, as is necessary for complete preemption. Since the Court lacks subject matter jurisdiction, we do not address the pre-emptive impact of HOLA or the regulations promulgated thereunder. Those issues are properly before the state court.

## C. Conclusion

The Home Owner's Loan Act does not completely preempt state law concerning non-judicial foreclosures. Accordingly, the Court lacks subject matter jurisdiction. Cole's complaint is hereby **REMANDED.** The Clerk's Office is directed to remand to Garland County Circuit Court. No costs or fees are awarded.

IT IS SO ORDERED this 21st day of May, 2009.

4

/S/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge

AO72A
(Rev. 8/82)